IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICKEY SCHOLES,<br><br>   Plaintiff,<br><br>  vs.<br><br>MARTIN O'MALLEY, *Commissioner of Social Security Administration*,<br><br>   Defendant. | Case No. 24-cv-00029-DKW-KJM<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**[1] |

Plaintiff Mickey Scholes moves to proceed *in forma pauperis* in this action seeking judicial review of a decision by the Social Security Administration ("IFP Application"). Dkt. Nos. 1 & 2.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay. Although Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay

---

[1]Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Scholes has met the requirements of Section 1915(a).  In his IFP Application, Scholes explains that he receives no monthly income other than $469 in general assistance payments and $480 in food stamps.  Dkt. No. 2 at 1.  He further has only $20 in cash or in a checking or savings account, and no other items of value. *Id.* at 2.  His monthly expenses include $300 for rent and expenses and $45 for his phone.  *Id.*  Finally, he owes repayment on both his general assistance payments and on a $400 personal loan.  *Id.*

In light of these figures, Scholes' income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2024 Guidelines for Hawai'i.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.   The Court accordingly finds that Scholes lacks sufficient income or assets to pay the

$405 filing fee while still affording the necessities of life. *See Escobedo*, 787 F.3d

at 1234–36. Scholes' IFP Application, Dkt. No. 2, is therefore GRANTED.[2]

     IT IS SO ORDERED.

     DATED: January 23, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

*Mickey Scholes v. Martin O'Malley;* Civil No. 24-00029 DKW-KJM; **ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

---

[2]Rule 3 of the Supplemental Rules for Social Security Actions provides that plaintiffs are *not* required to serve summons and complaints in actions for review of social security decisions. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 3. Accordingly, it is unnecessary for the Court to direct service of Scholes' Complaint.